IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-814-FL

| | |
|---|---|
| THE U.S. COURTS, JAILS AND ) <br> PRISONS COALITION; LINDA C. ) <br> LIVERMAN; and ERIC M. McMILLIAN ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DETECTIVE R.L. PARKER, PAUL ) <br> COUSINS, and DR. HUNT, ) <br> ) <br> Defendants. ) | ORDER |

This matter comes before the court on plaintiff Linda Liverman's ("plaintiff Liverman") particularized motion to proceed *in forma pauperis* (DE 6), plaintiff Eric McMillian's ("plaintiff McMillian") motion for leave to proceed *in forma pauperis* (DE 8), plaintiff McMillian's motion to amend complaint and substitute party (DE 10), frivolity review of plaintiffs' complaint pursuant to 28 U.S.C. § 1915, plaintiffs' "Motion to Proceed *Pro Se* as an Indigent Party" (DE 11); and plaintiffs' motion to appoint counsel (DE 12).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court grant plaintiffs' applications to proceed *in forma pauperis*, grant plaintiffs' motion to amend complaint and substitute party, deny plaintiffs' "Motion to Proceed *Pro Se* as an Indigent Party" as moot, deny plaintiffs' motion to appoint counsel, dismiss plaintiff Liverman's claims as frivolous, dismiss in part plaintiff McMillian's claims as frivolous, and enter

a pre-filing injunction standard order against plaintiff McMillian with respect to his January 2011 search, arrest, and detention. No objections to the M&R were timely filed and issues raised are ripe for ruling.[1] For the reasons that follow, the court adopts the M&R as its own except as to that part where it recommends issuance of a pre-filing injunction against plaintiff McMillian.

**COURT'S DISCUSSION**

A.   Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Analysis

    1.   Plaintiffs' Motion to Amend Complaint and Substitute Party

Plaintiffs have filed a proposed amended complaint. In this complaint plaintiffs would

---

[1] Objections to the M&R were to be filed no later than December 30, 2013. Plaintiffs untimely filed objections on January 6, 2013 (DE 14). Accordingly the court reviews only for clear error. The court further notes than many of these objections are general and conclusory in nature, and are not directed to a specific asserted errors in the M&R. Even were the court to give *de novo* review to these objections, they would be overruled. The court does, however, specifically consider plaintiffs' objections to the imposition of a pre-filing injunction against plaintiff McMillian. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 819 (4th Cir. 2004) (requiring that the individual to be enjoined receive notice and an opportunity to be heard).

2

substitute plaintiff McMillian for "the U.S. Courts, Jails and Prisons Coalition." The court adopts the recommendation in the M&R that this document be construed as a motion to amend and substitute party, and that this motion be granted where the complaint has not yet been served. See Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within . . . 21 days of serving it . . . ."); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). Plaintiff McMillian is added as a party and the U.S. Courts, Jails and Prisons Coalition is removed as a party.

    2.    Plaintiffs' Motions to Proceed *In Forma Pauperis* and "Motion to Proceed *Pro Se* as an Indigent Party"

Both plaintiff McMillian and plaintiff Liverman have filed applications to proceed *in forma pauperis*. As noted in the M&R both plaintiff Liverman and plaintiff McMillian have demonstrated in these applications evidence of inability to pay the required court costs. See DE 6, 8; 28 U.S.C. § 1915(a)(1). Accordingly, these applications will be granted. Plaintiffs have also filed a "Motion to Proceed *Pro Se* as an Indigent Party." Because plaintiffs' "Motion to Proceed *Pro Se* as an Indigent Party" requests no relief not already granted by the grant of plaintiffs' *in forma pauperis* applications, as recommended in the M&R, this motion is denied as moot.

    3.    Frivolity Review

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from a defendant that is immune from such recovery. A complaint is "frivolous" if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim has no arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim lacks an arguable basis in fact if the

3

Case 5:13-cv-00814-FL   Document 15   Filed 01/31/14   Page 3 of 10

allegations are clearly baseless; that is to say "fanciful . . . fantastic . . . and delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The court bears in mind, however, that a "document filed *pro se* is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007)

Plaintiffs' meandering complaint is often difficult to understand, but construed generously, it appears to assert a claim against defendant Detective R.L. Parker ("defendant Parker") and by the Raleigh Police Department pursuant to 42 U.S.C. § 1983 for alleged violations of plaintiff Liverman's rights arising out of defendant Parker's arrest of plaintiff McMillian. It appears also to assert a claim by plaintiff McMillian against defendant Parker under § 1983; a claim by plaintiff McMillian against defendants Parker, Dr. Hunt ("defendant Hunt"), and Paul Cousins ("defendant Cousins") for conspiracy to prevent plaintiff McMillian's re-entry into North Carolina State University ("N.C. State") in violation of 42 U.S.C. § 1985; a claim against N.C. State and defendants Hunt and Cousins under § 1983 for denying plaintiff McMillian readmission to N.C. State; and a claim for gross negligence against Judge Monica M. Bousman ("Judge Bousman") for wrongfully issuing an *ex parte* domestic violence protective order against him.

      a.        Plaintiff Liverman's Claims

Plaintiff Liverman's claims against defendant Parker are frivolous. She seeks damages from defendant Parker pursuant to 42 U.S.C. § 1983 for allegedly "staging a 'false arrest'" of plaintiff McMillian at plaintiff Liverman's residence. Am. Compl. ¶ 32. As set forth in the M&R, a plaintiff must allege sufficient facts to show she was deprived of rights guaranteed by the Constitution of law of the United States as a result of conduct committed by a person acting under color of state law. West v. Adkins, 487 U.S. 42, 49 (1988). There are no allegations of any deprivation of plaintiff Liverman's rights guaranteed by the Constitution of laws of the United States. Rather the complaint

4

alleges harms accruing to plaintiff McMillian.

In plaintiffs' prayer for relief, plaintiff Liverman also seeks damages against the Raleigh Police Department ("RPD"). To the extent any claims are asserted against the RPD – which is not named as a defendant in the caption of plaintiffs' complaint – they are frivolous. The RPD is not an entity with the capacity to be sued. For a party that is not a an individual or corporation, its capacity to be sued is determined by the law of the state where the district court is located. Fed. R. Civ. P. 17(b)(3). In North Carolina "in the absence of statute, the capacity to be sued exists only in persons in being." McPherson v. First & Citizens Nat. Bank of Elizabeth City, 240 N.C. 1, 18 (1954). No such statute authorizes a suit against the RPD. Thus the court adopts the recommendation of the M&R and dismisses plaintiff Liverman's claims as frivolous

        b.      Plaintiff McMillian's Claims

Plaintiff McMillian first claims that defendant Parker maliciously and wrongfully searched plaintiff Liverman's residence, and arrested and detained plaintiff McMillian on trumped up charges of armed robbery, in violation of 42 U.S.C. § 1983. It is recommended in the M&R that these claims be dismissed as frivolous where they are barred under the doctrine of res judicata. Res judicata bars claims from being brought if: (1) there was a final judgment on the merits in a prior suit; (2) the parties are identical, or in privity, in the two actions; and, (3) the claim in the second matter is based upon the same cause of action involved in the earlier proceeding. See Grausz v. Englander, 321 F.3d 467, 472 (4th Cir. 2003).

As set forth in detail in the thorough analysis of the M&R, these § 1983 claims against defendant Parker are barred. Plaintiff McMillian has raised these claims before against the same parties, and those cases were subject to what constitutes a judgment on the merits for purposes of

5

frivolity review.  See McMillian v. City of Raleigh et al., No 5:11-cv-67-BO, (DE 1, 5) (E.D.N.C. Mar. 15, 2011), aff'd, McMillian v. City of Raleigh, 441 F. App'x 154 (4th Cir. 2011); McMillian v. Parker et al., No. 5:12-cv-129-H, (DE 5, 18) (E.D.N.C. Mar. 11, 2013) (cases involving the same parties and claims as the instant case in which the judgments rendered operate as adjudication on the merits for purposes of frivolity review).  Because plaintiff McMillian's claims against defendant Parker are barred by res judicata, they are dismissed.

Plaintiffs' complaint, construed broadly, also alleges that defendant Parker conspired with N.C. State through its officers, defendants Cousins and Hunt, to wrongfully arrest McMillian so as to prevent his readmission to N.C. State.  A plaintiff has an action for recovery under 42 U.S.C. § 1985(3) when "two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws."  To state a cause of action under § 1985(e), a plaintiff must allege:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy."

A Soc'y Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011).

As discussed in the M&R, plaintiffs have failed to support with factual allegations in their complaint that the persons in the alleged conspiracy were "motivated by a specific class-based, invidiously discriminatory animus."  Moreover, the assertions that N.C. State conspired with defendant Parker to have plaintiff McMillian arrested and charged are "fantastic" and "clearly baseless."  Denton, 504 U.S. at 32-33.  Accordingly, to the extent that plaintiff McMillian asserts a § 1985 claim against defendants – or against N.C. State – such a claim is dismissed.

6

Plaintiffs' complaint also alleges that N.C. State, together with defendants Hunt and Cousins, wrongfully denied plaintiff McMillian readmission to N.C. State.[2] For reasons given in the M&R, this claim will not be dismissed for frivolity. Under a liberal reading of the complaint, plaintiff McMillian has alleged the denial of his readmission was arbitrary and unreasonable. Such a claim is not frivolous. See San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 35 (1973) (concluding that education is not a right guaranteed by the Federal Constitution); Mann v. Princeton Cmty. Hosp. Ass'n., Inc., 956 F.2d 1162 (4th Cir. 1992) (Upholding grant of summary judgment for defendant doctors and hospital on plaintiff's claim that denial of a job violated his equal protection and due process rights because "[t]he standards used to deny privileges to Mann were not arbitrary, capricious, or unreasonable."); Davis v. Se. Cmty. Coll., 424 F. Supp. 1341, 1344 (E.D.N.C. 1976) ("The admission to a state community college is a privilege and not by itself a constitutional or property right, subject to the exception that the rules and regulations for admission are not arbitrary or unreasonable."). Nevertheless, plaintiff McMillian's request for a preliminary injunction against N.C. State is denied where he has not shown a likelihood of success on the merits. See Winter v. Natrual Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits . . . .").

Finally, although she is not named in the caption as a defendant, plaintiffs allege that Judge Bousman issued a domestic violence protective order against plaintiff McMillian and was grossly negligent in doing so. Plaintiff McMillian has asserted a claim for damages against Judge Bousman. "It has long been settled that a judge is absolutely immune from a claim for damages arising out of

---

[2] Although plaintiffs did not name N.C. State as a defendant in his complaint, he seeks an injunction against N.C. State. Reading plaintiffs' *pro se* complaint broadly, see Erickson, 551 U.S. at 94, the court adopts the recommendation in the M&R that plaintiff McMillian intended to sue N.C. State as well as the named defendant officers of N.C. State.

7

his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Therefore plaintiff McMillian's claim against Judge Bousman is dismissed for frivolity.

    4.    Plaintiffs' Motion to Appoint Counsel

Plaintiffs have also filed a motion requesting this court appoint them counsel. As set forth in the M&R, there is no right to counsel in civil cases absent "exceptional circumstances." Marshall v. Wouldridge, 958 F.2d 368 (4th Cir. 1992). Plaintiffs have made no such showing. Therefore this motion is denied.

    5.    Pre-filing Injunction

The court turns now to the recommendation in the M&R that the court consider entry of a pre-filing injunction against plaintiff McMillian barring any further suits arising out of his January 2011 search, arrest, and detention. The court maintains the authority under the All Writs Act, 28 U.S.C. § 1651, "to limit access to the courts by vexatious and repetitive litigants." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). This remedy must be used sparingly, and access to the court should not be limited absent exigent circumstances. Id. at 817-18. "In determining whether a pre-filing injunction is substantively warranted," this court is required to

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. at 818. The court must narrowly tailor any injunction to fit the specific circumstances justifying the injunction. Id.[3]

---

[3] Before issuing a pre-filing injunction, the court must give the individual to be enjoined notice and an opportunity to be heard. Cromer, 390 F.3d at 819. This requires the court to ensure that the individual has the opportunity to oppose the court's order before it is imposed. Id. (citing Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)). Here, the court finds that plaintiff McMillian has been given the opportunity to be heard, as he was informed of the possibility of a pre-

Case 5:13-cv-00814-FL Document 15 Filed 01/31/14 Page 8 of 10

Plaintiff McMillian has filed numerous repetitive lawsuits. See, e.g., No. 5:13-ct-3259-D; No. 5:12-ct-3035-D; No. 5:11-ct-3183-FL; No. 5:11-ct-3181-FL; No. 5:10-ct-3037-FL (all alleging deficiencies in prison food). Many of Plaintiff McMillian's complaints have been dismissed as frivolous. See, e.g., No. 5:12-ct-03035-D; No. 5:11-cv-67-BO; No. 5:11-ct-3234-BO; No. 5:11-ct-3183-FL; No. 5:10-cv-359-D; No. 5:10-ct-3036-BO; No. 5:09-ct-3144-FL; No. 5:09-ct-3141-D; No. 5:08-cv-586-FL. Thus plaintiff's history of litigation weighs against him. Furthermore, this court, which already maintains one of the heaviest dockets in the Fourth Circuit, has been burdened by plaintiff's frivolous lawsuits.

In this case, however, it is not entirely clear that plaintiff simply intended to harass by the filing of this suit, nor that an injunction is required to prevent further frivolous litigation with respect to his January 2011 search, arrest, and detention. Accordingly the court declines to enter such an injunction at this time. The court notes, however, that one previous suit against the City of Raleigh and RPD by plaintiff McMillian arising out of these January 2011 events has already been dismissed as frivolous. See McMillian v. City of Raleigh et al., No 5:11-cv-67-BO. The court now warns plaintiff McMillian that any further frivolous litigation arising out of the January 2011 search, arrest, and detention may very well result in a pre-filing injunction being entered against him.

## CONCLUSION

Based upon the foregoing the court ADOPTS IN PART the M&R. Plaintiff Liverman's particularized motion to proceed *in forma pauperis* (DE 6), and plaintiff McMillian's motion for leave to proceed *in forma pauperis* (DE 8) are GRANTED. Plaintiffs' motion to amend complaint

---

filing injunction and the basis therefor by the M&R. Although plaintiffs' objections to the M&R were late-filed, the court nevertheless considers plaintiffs' objections insofar as they relate to imposition of a pre-filing injunction against plaintiff McMillian.

9

and substitute party is also GRANTED (DE 10) and plaintiff McMillian is added as a party and the U.S. Courts, Jails and Prisons Coalition is dropped. Plaintiffs' "Motion to Proceed *Pro Se* as an Indigent Party" (DE 11) is DENIED AS MOOT, and plaintiffs' motion to appoint counsel (DE 12) is DENIED. Plaintiff Liverman's claims are DISMISSED AS FRIVOLOUS. Plaintiff McMillian's § 1983 claims against defendant Parker, his § 1985 claim against defendants Parker, Hunt, and Cousins, and his claim against Judge Bousman are also DISMISSED AS FRIVOLOUS. Plaintiff McMillian's § 1983 Claim against N.C. State and its admissions officers is ALLOWED to proceed, but his request for a preliminary injunction against N.C. State is DENIED.

The court DECLINES to adopt the M&R where it recommends entry of a pre-filing injunction against plaintiff McMillian.

SO ORDERED, this the 30th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge